UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

# CRIMINAL MINUTES - GENERAL

| Case No. | CR 08-1292 CAS | | | Date | April 6, 2009 |
|---|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | | |
| Interpreter | N/A | | | | |
| CATHERINE JEANG | Not Present | | | Amber Garza, Not Present | |
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | | | *Assistant U.S. Attorney* | |
| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present  App.  Ret. |
| CHARLEY WILLIAM ELLISON, JR. | NOT | | X | MYRA SUN, DFPD | NOT      X |

Proceedings: (IN CHAMBERS) DEFENDANT'S MOTION FOR INFORMANT DISCOVERY (filed 02/17/09)

## I.   INTRODUCTION

On October 31, 2008, defendant Charley William Ellison, Jr., was charged in a six count indictment with (1) possession of firearms following a domestic violence conviction, 18 U.S.C. § 922(g)(9); (2) possession of a machinegun, 18 U.S.C. § 922(o)(1)[1]; (3) possession of an unregistered sawed-off shotgun, 26 U.S.C. § 5861(d); (4) possession of an unregistered machinegun, 26 U.S.C. § 5861(d)[2]; (5) possession of a firearm with an obliterated serial number, 26 U.S.C. § 5861(h); and (6) forfeiture, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). These items were seized from defendant's residence on September 30, 2008.

On February 17, 2009, defendant filed the instant motion for informant discovery. On March 2, 2009, the government filed its opposition. A hearing was held on April 6, 2009. After carefully considering the parties' arguments, the Court finds and concludes as follows.

---

[1] The government concedes that further testing by the Bureau of Alcohol, Tobacco, Firearms and Explosives has determined that the weapon that forms the basis for this charge is not fully automatic and does not qualify as a machinegun pursuant to 26 U.S.C. § 5845(b). The government asserts that it will seek to dismiss this count before trial.

[2] The government asserts that for the reasons stated in footnote 1, supra, this count will also be dismissed before trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

## II.   BACKGROUND

On or about September 28, 2008, Riverside County Superior Court Judge Christian F. Thierbach issued a search warrant that authorized law enforcement officers to search defendant's residence, located at 14594 Cabazon St., Cabazon, California, as part of an investigation of illegal firearms possession and gang activity at that location.  The warrant was based on the affidavit of Deputy Sean Freeman of the Riverside County Sheriff's Department, signed on September 28, 2008.  Deputy Freeman has been a police officer with the Riverside County Sheriff's Department for approximately six years, with an additional three years of law enforcement experience in South Carolina.

Deputy Freeman's affidavit states that (1) on September 26, 2008, he was contacted by Special Agent Adam Rudolph of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") with information from a confidential reliable informant ("CRI") relating to the possession of illegal firearms and hand grenades by local gang members in the Cabazon area; (2) he discovered that the CRI had worked with the Gang Task Force a week prior on a case in which the CRI provided accurate information that lead to an arrest and the seizure of fifteen firearms; (3) he met with the CRI in person and the CRI told him that the CRI visited defendant at his home the previous day and that the CRI was invited into the garage by another male at the residence named "Kenyata" and shown a black duffel bag containing several firearms and weapons in the presence of defendant; (4) he corroborated the CRI's information by performing a records check that revealed that defendant's address was near the intersection of Carmen Ave. and Marino St., the location given by the CRI; (5) the CRI provided detailed information as to the types and quantity of weapons that "Kenyata" showed him in the presence of defendant, including seven firearms[3] and two hand grenades, which defendant was selling for $1200 each; (6) the CRI claimed to have grown up with defendant and "Kenyata" and (7) the CRI was shown a booking photograph of defendant and identified him as the same person who had the firearms and weapons in his home.

On September 28, 2008, Judge Thierbach issued a search warrant, based on the statements in Deputy Freeman's affidavit, authorizing a search of defendant's residence, the vehicles parked at or near defendant's residence, and the defendant and "Kenyata" for (1) items showing gang affiliation or activity; (2) items demonstrating dominion and/or residence; and (3) firearms or explosive devices.  On September 30, 2008, officers from the Gang Task Force,

---

[3] The CRI told Deputy Freeman that the firearms were a Tech 9 semiautomatic pistol, a Mini 14 assault rifle, a .22 rifle with a 50 round magazine, two shotguns, one of which had a sawed off barrel, and two handguns of unknown caliber.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Riverside County Special Enforcement Bureau, and ATF agents executed the warrant and found an AK-47 rifle, a Marlin .22 rifle, a Marlin 783 .22 caliber bolt action rifle, a 12 gauge Mossberg pump shotgun with a pistol grip and a sawed-off barrel, a New England Firearms 410 shotgun, a Colt 32 ACP semi-automatic handgun, a .40 Glock 22 semi-automatic handgun, a .45 caliber Firestorm semi-automatic handgun with a ground off serial number, two authentic "pineapple type" hand grenades without an explosive component  The officers also found items indicating gang affiliation, including photos and tagged liquor bottles.

### III.   LEGAL STANDARD

The government has a limited privilege to withhold an informant's identity.  Rovario v. United States, 353 U.S. 53, 59-61 (1957).  This privilege "serves several important law enforcement objectives, including encouraging citizens to supply the government with information concerning crimes."  United States v. Henderson, 241 F.3d 638, 645 (9th Cir. 2000).  The main factors that courts are to consider in deciding whether to require the disclosure of an informant's identity are (1) whether the informant's testimony would be "relevant and helpful" to the defendant's case, "especially in terms of the relationship between the asserted defenses and the likely testimony of the informant" and (2) the government's interest in protecting the safety of an informant.  United States v. Sai Keung Wong, 886 F.2d 252, 256 (9th Cir. 1989).  To obtain disclosure, a defendant bears the burden of showing more than a "mere suspicion" that the informant has information which will prove "relevant and helpful" to his defense or "essential to a fair determination of a cause."  Rovario, 353 U.S. at 59-61; Henderson, 241 F.3d at 645.  A district court must hold an in camera hearing if the defendant makes a "minimal threshold showing" that disclosure would be relevant to at least one defense. Sai Keung Wong, 886 F.2d at 256.

### IV.   DISCUSSION

Defendant argues that the government should be ordered to disclose the identity of the CRI.  Mot. at 5.  Defendant believes that the CRI is Traevon Stewart and seeks confirmation of the CRI's identity, as well as (1) the CRI's "full prior criminal record;" (2) all benefits that have been provided to the CRI in this case and past cases; (3) any prior false statements made to any person; (4) the CRI's prior drug use; and (5) any "other evidence bearing on the informant's credibility."  Id. at 6-9.  Defendant further argues that the Court should order the government to "disclose other information which is necessary for independent defense investigation of the informant," including all other cases in which the CRI has provided information  Id. at 10.

The government responds that defendant has failed to meet his burden of showing that disclosure of the CRI's identity would be relevant to his defense.  Opp'n at 6-7.  The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

government argues that the CRI's identity is not necessary to determine the veracity of the CRI's statements to law enforcement because defendant has already been provided with the CRI's criminal history. Id. at 7. The government contends that defendant appears to be seeking the CRI's identity to challenge the probable cause determination, which is "not an adequate ground from which to obtain disclosure." Id. (quoting United States v. Fixen, 780 F.2d 1434, 1439 (9th Cir. 1986)). The government further contends that the CRI is not a percipient witness to the crime with which defendant is charged because the CRI did not witness defendant's possession of illegal firearms on September 30, 2008 – the date on which the indictment accuses defendant of illegal possession. Id. at 7-8 (citing United States v. Williams, 898 F.2d 1400, 1402 (9th Cir. 1990)). Moreover, the government argues that defendant fails to allege how the CRI may assist his defense. Id. at 8. The government contends that "mere suspicion" that the CRI will prove helpful is "insufficient to require disclosure." Id. (citing United States v. Sai Keung Wong, 886 F.2d 252, 256 (9th Cir. 1989)).

The government further responds that even if defendant has demonstrated a need for additional information about the CRI, that need is outweighed by the government's interest in protecting the CRI's security. Opp'n at 9 (citing Fixen, 780 F.2d at 1439). The government argues that it has a "real interest" in protecting the identity of the CRI because defendant possessed indicia of gang membership and may have "gang associates" who remain in the community who could threaten the security of the CRI.[4] Id. The government contends that law enforcement has informed the government that the CRI's identity must remain confidential for the safety of the CRI. Id. Ex. A ("Your affiance asks that the identity of the CRI be kept confidential because your affiant believes that disclosure of the informant's identity . . . would subject him/her to great bodily injury or death from those he/she has informed upon and their associates."). Lastly, the government argues that defendant's request for impeachment material concerning the CRI is inapposite because the government does not intend to call the CRI as a witness at trial. Opp'n at 10 (citing Sai Keung Wong, 886 F.2d at 256).

The Court concludes that defendant has failed to demonstrate that disclosure of the CRI's identity would be relevant to his defense. Defendant has already been provided with the CRI's criminal history and defendant cannot discover the CRI's identity to challenge the existence of probable cause for defendant's arrest. Fixen, 780 F.2d at 1439; United States v. Mehciz, 437 F. 2d 145, 149 (9th Cir. 1971). Moreover, the government does not intend to call the CRI as a

---

[4] However, the government is prepared to provide information relating to the identity of the CRI at an in camera hearing if the Court deems such a hearing necessary to determine whether the CRI's identity may provide useful and necessary information for defendant's defense. Opp'n at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

witness at trial and the government has an interest in protecting the security interest of the CRI, which appears to be at risk.  Opp'n Ex. A;  Sai Keung Wong, 886 F.2d at 256.  The Court concludes that defendant has not made a "minimal threshold showing" that disclosure would be relevant to at least one of his defenses and therefore denies his motion for informant discovery.  Sai Keung Wong, 886 F.2d at 256.

## V.   CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendant's motion for informant discovery.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |

cc: Pretrial Services