UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 08-1292 CAS | | Date | April 6, 2009 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| CATHERINE JEANG | Not Present | Amber Garza, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Charley William Ellison, Jr. | NOT | | X | Myra Sun, DFPD | NOT | | X |

Proceedings: **(IN CHAMBERS) DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND FOR FRANKS HEARING** (filed 02/17/09)

## I.    INTRODUCTION

On October 31, 2008, defendant Charley William Ellison, Jr., was charged in a six count indictment with (1) possession of firearms following a domestic violence conviction, 18 U.S.C. § 922(g)(9); (2) possession of a machinegun, 18 U.S.C. § 922(o)(1)[1]; (3) possession of an unregistered sawed-off shotgun, 26 U.S.C. § 5861(d); (4) possession of an unregistered machinegun, 26 U.S.C. § 5861(d)[2]; (5) possession of a firearm with an obliterated serial number, 26 U.S.C. § 5861(h); and (6) forfeiture, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). These items were seized from defendant's residence on September 30, 2008.

On February 17, 2009, defendant filed the instant motion for an order suppressing the evidence seized from his residence and for a hearing under Franks v. Delaware, 438 U.S. 154 (1978). On March 2, 2009, the government filed its opposition. A hearing was held on April 6, 2009. After carefully considering the parties' arguments, the Court finds and concludes as

---

[1] The government concedes that further testing by the Bureau of Alcohol, Tobacco, Firearms and Explosives has determined that the weapon that forms the basis for this charge is not fully automatic and does not qualify as a machinegun pursuant to 26 U.S.C. § 5845(b). The government asserts that it will seek to dismiss this count before trial.

[2] The government asserts that for the reasons stated in footnote 1, supra, this count will also be dismissed before trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CRIMINAL MINUTES - GENERAL**

follows.

## II.     BACKGROUND

On or about September 28, 2008, Riverside County Superior Court Judge Christian F. Thierbach issued a search warrant that authorized law enforcement officers to search defendant's residence, located at 14594 Cabazon St., Cabazon, California, as part of an investigation of illegal firearms possession and gang activity at that location. The warrant was based on the affidavit of Deputy Sean Freeman of the Riverside County Sheriff's Department, signed on September 28, 2008. Deputy Freeman has been a police officer with the Riverside County Sheriff's Department for approximately six years, with an additional three years of law enforcement experience in South Carolina.

Deputy Freeman's affidavit states that (1) on September 26, 2008, he was contacted by Special Agent Adam Rudolph of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") with information from a confidential reliable informant ("CRI") relating to the possession of illegal firearms and hand grenades by local gang members in the Cabazon area; (2) he discovered that the CRI had worked with the Gang Task Force a week prior on a case in which the CRI provided accurate information that lead to an arrest and the seizure of fifteen firearms; (3) he met with the CRI in person and the CRI told him that the CRI visited defendant at his home the previous day and that the CRI was invited into the garage by another male at the residence named "Kenyata" and shown a black duffel bag containing several firearms and weapons in the presence of defendant; (4) he corroborated the CRI's information by performing a records check that revealed that defendant's address was near the intersection of Carmen Ave. and Marino St., the location given by the CRI; (5) the CRI provided detailed information as to the types and quantity of weapons that "Kenyata" showed him in the presence of defendant, including seven firearms[3] and two hand grenades, which defendant was selling for $1200 each; (6) the CRI claimed to have grown up with defendant and "Kenyata" and (7) the CRI was shown a booking photograph of defendant and identified him as the same person who had the firearms and weapons in his home.

On September 28, 2008, Judge Thierbach issued a search warrant, based on the statements in Deputy Freeman's affidavit, authorizing a search of defendant's residence, the vehicles parked at or near defendant's residence, and the defendant and "Kenyata" for (1) items

---

[3] The CRI told Deputy Freeman that the firearms were a Tech 9 semiautomatic pistol, a Mini 14 assault rifle, a .22 rifle with a 50 round magazine, two shotguns, one of which had a sawed off barrel, and two handguns of unknown caliber.

showing gang affiliation or activity; (2) items demonstrating dominion and/or residence; and (3) firearms or explosive devices. On September 30, 2008, officers from the Gang Task Force, Riverside County Special Enforcement Bureau, and ATF agents executed the warrant and found an AK-47 rifle, a Marlin .22 rifle, a Marlin 783 .22 caliber bolt action rifle, a 12 gauge Mossberg pump shotgun with a pistol grip and a sawed-off barrel, a New England Firearms 410 shotgun, a Colt 32 ACP semi-automatic handgun, a .40 Glock 22 semi-automatic handgun, a .45 caliber Firestorm semi-automatic handgun with a ground off serial number, two authentic "pineapple type" hand grenades without an explosive component. The officers also found items indicating gang affiliation, including photos and tagged liquor bottles.

Deputy Freeman arrested defendant and transported him to the Banning Police Department, where he was interviewed by Special Agent Rudolph. After signing a written waiver of his Miranda rights, defendant admitted that he owned the firearms and grenades and that he knew he was prohibited from possessing such weapons. Defendant also admitted that he was once a member of the "Bloods" gang, but denied active gang membership.

## III. LEGAL STANDARD

### A. Sufficiency of the Affidavit

The Fourth Amendment provides that any evidence that is the product of an illegal search or seizure must be suppressed. United States v. $191,910.00 in U.S. Currency, 16 F.3d 1051, 1063 (9th Cir. 1994). "The validity of a search warrant depends upon the sufficiency of what is found within the four corners of the underlying affidavit." United States v. Taylor, 716 F.2d 701, 705 (9th Cir. 1983). "An affidavit is sufficient if it establishes probable cause." Id. That is, "if the facts alleged therein would allow a person of reasonable caution to believe that the evidence sought will be found in the stated place." United States v. Martinez, 588 F.2d 1227, 1234 (9th Cir. 1978).

To determine the existence of probable cause, the court must conclude whether, considering the totality of the circumstances, there is "a fair probability" that evidence will be found in a particular place. Illinois v. Gates, 462 U.S. 213, 231, 238 (1983); United States v. Ocampo, 937 F.2d 485, 490 (9th Cir. 1991). Probable cause is a common sense conception that deals with "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Gates, 462 U.S. at 231 (citation omitted). In doubtful cases, the reviewing court should give preference to the validity of the warrant. United States v. Johns, 948 F.2d 599, 602 (9th Cir. 1991).

Evidence obtained pursuant to a facially-valid search warrant, later found to be invalid, is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

admissible if the executing officers acted in good faith and in objectively reasonable reliance on the warrant. United States v. Leon, 468 U.S. 897, 922 (1984). However, an officer cannot manifest objective good faith if the warrant he is relying on was supported by an affidavit that is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Id. at 923. The Leon test for good faith reliance is objective and based solely on facts presented to the issuing magistrate. United States v. Hove, 848 F.2d 137, 140 (9th Cir. 1988).

    **B.**    **Franks Hearing**

In Franks v. Delaware, 438 U.S. 154 (1978), the Supreme Court held that defendants may attack the veracity of statements made in an affidavit that purportedly establishes probable cause for a search warrant. Id. at 171. An affidavit is presumed to be valid and to be granted a Franks hearing,

> (1) the defendant must allege specifically which portions of the warrant affidavit are claimed to be false; (2) the defendant must contend that the false statements or omissions were deliberately or recklessly made; (3) a detailed offer of proof, including affidavits, must accompany the allegations; (4) the veracity of only the affiant must be challenged; (5) the challenged statements must be necessary to find probable cause.

United States v. Perdomo, 800 F.2d 916, 920 (9th Cir. 1986). "The lack of an affidavit or sworn statement offering proof of deliberate falsehood, as required by Franks, is enough in itself to defeat [defendant's] demand for an evidentiary hearing." United States v. Ruddell, 71 F.3d 331, 334 (9th Cir. 1995). If a defendant can show that the affiant deliberately or recklessly made false statements in the affidavit, then the false statements are excluded and the affidavit is re-examined. Franks, 438 U.S. at 171-72. If, upon such reexamination, the content of the affidavit does not support a finding of probable cause or necessity, the defendant is entitled to an evidentiary hearing. Id. However, if the affidavit does support a finding of probable cause and necessity, no hearing is required. Id.

**IV.**    **DISCUSSION**

    **A.**    **Suppression of the Evidence**

Defendant argues that the CRI's tip provided the police with their only basis for obtaining a search warrant. Mot. at 6. Defendant contends that nothing about the tip demonstrated the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

CRI's reliability or the basis of the CRI's knowledge. Id. Defendant acknowledges that the CRI provided accurate information to the police on one prior occasion, but argues that the police did nothing to corroborate the CRI's information on this occasion. Id. (citing United States v. Delgadillo-Velasquez, 856 F.2d 1292, 1297 (9th Cir. 1988)). Defendant further argues that the CRI claimed that he saw firearms in defendant's garage, but that defendant's home does not have a garage. Id. at 7. Defendant contends that "[d]espite the appearance of a garage door from the outside of the house . . . [t]hat area has been sealed off, and the area remodeled into a bedroom." Id.

Defendant further argues that he believes the CRI has a criminal record and a "motive to fabricate." Mot. at 7. Defendant contends that the man they believe to be the CRI has a significant criminal record, including (1) past felony convictions for controlled substance offenses; (2) a conviction for taking a vehicle without the owner's consent under Cal. Veh. Code § 10851; and (3) a pending charge of felony assault in state court. Id. Defendant further contends that the CRI's alleged criminal history was not disclosed to Judge Thierbach before he issued the search warrant. Id. at 8.

The government responds that there was a substantial basis for concluding that the search warrant was supported by probable cause. Opp'n at 9. The government argues that Deputy Freeman's affidavit set forth facts demonstrating a "fair probability" that defendant's residence would contain firearms. Id. at 11. The government contends that the affidavit relies on a proven, reliable CRI who recently provided accurate information in a similar case involving weapons possession. Id. The government argues that when an informant has provided accurate information in the past, "he may be presumed trustworthy on subsequent occasions." Id. (quoting Angulo-Lopez, 791 F.2d 1394, 1397 (9th Cir. 1986)). The government further argues that "[w]hen the information provided in the past involved the same type of criminal activity as the current information, the inference of trustworthiness is even stronger." Id. at 12 (quoting Angulo-Lopez, 791 F.2d at 1397). The government contends that the CRI provided previous reliable information on substantially similar criminal activity and that the CRI's information was corroborated by independent investigation by law enforcement. Id. (citing Angulo-Lopez, 791 F.2d at 1397).

The government further responds that the CRI's information was "exceedingly fresh" and "exceedingly detailed" and that Deputy Freeman corroborated the CRI's information "through records checks and personal knowledge." Id. Additionally, the government argues that the "alleged discrepancies between the information the CRI provided and what law enforcement observed" does not invalidate probable cause because "the accuracy of the CRI's information outweighs any alleged discrepancies." Id. at 15. The government contends that the CRI accurately identified two shotguns, two handguns, two grenades, and a .22 caliber rifle. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

However, the government acknowledges that the CRI has a criminal history that was not disclosed to the issuing magistrate. Mot. at 12. The government asserts that the CRI's criminal history is as follows: (1) two felony convictions in 2005 for domestic violence and first degree burglary; (2) a 2006 felony conviction for auto theft; and (3) a pending case from 2008 charging defendant with illegal possession of a firearm and assault with a firearm. Id. The government recognizes that it would have been "sounder practice" to provide the issuing magistrate with the CRI's prior criminal history, but argues that defendant has not provided any support for the position that the CRI's criminal history must be disclosed to the issuing judge. Id. The government further argues the that CRI's criminal history does not impinge on his veracity, given that the convictions do not fall within the ambit of Fed. R. Evid. 609(a)(2), which states the evidence of a witness' prior criminal conviction may be admitted for purposes of impeachment if the elements of the crime require proof of admission of an act of dishonesty or false statement by the witness. Id. at 13. The government contends that the Ninth Circuit has explicitly found that theft crimes do not provide particularly strong evidence of a witness' lack of trustworthiness or credibility.[4] Id. (citing United States v. Glenn, 667 F.2d 1269, 1273 (9th Cir. 1982)).

Alternatively, the government argues that even if the Court concludes that probable cause was absent, the evidence gathered in the search is still admissible because the executing officers relied in good faith on the validity of the search warrant. Mot. at 16 (citing United States v. Leon, 468 U.S. 897 (1984)). The government contends that the officers were objectively reasonable in relying on the warrant because the affidavit set forth facts that established a "fair probability" of finding weapons at defendant's residence. Id. at 17 (citing United States v. Fowlie, 24 F.3d 1059, 1067 (9th Cir. 1994)).

If an informant has provided accurate information on past occasions, "he may be presumed trustworthy on subsequent occasions." Angulo-Lopez, 791 F.2d at 1397. When the information provided in the past involved the same type of criminal activity, "the inference of trustworthiness is even stronger." Id. The CRI in the instant case has previously provided accurate information to law enforcement and is therefore "presumed trustworthy." Id. Defendant has not provided sufficient evidence to rebut this presumption. Deputy Freeman's affidavit set forth facts demonstrating a "fair probability" of finding weapons at defendant's residence – the CRI provided very detailed information regarding the types of weapons that he

---

[4] The government also asserts that it is prepared to provide information relating to the identity of the CRI in an in camera hearing, if the Court deems it necessary to determine whether probable cause existed for the warrant or to evaluate defendant's request for a Franks hearing. Mot. at 16, n. 9.

personally saw at defendant's residence. <u>Illinois v. Gates</u>, 462 U.S. at 231. Moreover, while the government should have disclosed the CRI's criminal history to the issuing judge, its failure to do so does not negate a finding of probable cause, given the presumption of trustworthiness and the detailed information provided by the CRI.[5] See <u>Angulo-Lopez</u>, 791 F.2d at 1397.

### B. <u>Franks</u> Hearing

Defendant argues that he is entitled to a hearing under <u>Franks v. Delaware</u>, 438 U.S. 154 (1978). Mot. at 8 (citing <u>United States v. DeLeon</u>, 979 F.2d 761, 764 (9th Cir. 1992)). Given the Court's conclusion that Deputy Freeman's affidavit supports a finding of probable cause, no hearing is required. <u>Franks</u>, 438 U.S. at 172.

## V. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendant's motion to suppress and for a <u>Franks</u> hearing.

IT IS SO ORDERED.

|        | 00 | : | 00 |
|--------|----|----|----|
| Initials of Deputy Clerk | | | CMJ |

cc: Pretrial Services

---

[5] Furthermore, assuming <u>arguendo</u> that the CRI's criminal history renders Deputy Freeman's affidavit insufficient to establish probable cause, the executing officers would still be entitled to the "good faith" exception because the affidavit is not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." <u>Leon</u>, 468 U.S. at 923.